**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

**No. 01-11156**

**MELEYCO PARTNERSHIP NO. 2,**

Plaintiff-Appellant,

**VERSUS**

**TANDY CORPORATION,**

Defendant-Appellee.

Appeal from the United States District Court
For the Northern District of Texas

(4:99-CV-587-Y)

June 3, 2002

Before DUHÉ, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Appellee Tandy Corporation (Tandy) guaranteed nine leases in the states of Arizona, Minnesota, and Oklahoma on behalf of its wholly-owned subsidiaries, Color Tile of Colorado, Inc. (CT Colorado) and Color Tile of Oklahoma, Inc. (CT Oklahoma) in 1971

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and 1972. Subsequently, appellant Meleyco Partnership No. 2 (Meleyco) purchased the properties that were subject to the leases and obtained assignments of the leases and Tandy's guaranties from the original lessor. In 1975, Tandy merged CT Oklahoma into CT Colorado and renamed the entity Color Tile Supermart, Inc. (CT Supermart). The same year, Tandy transferred the stock of CT Supermart to a newly-formed subsidiary of Tandy called Tandycrafts, Inc. (Tandycrafts). Tandycrafts was then spun off to Tandy shareholders.

In 1978, Tandycrafts, which was no longer controlled by Tandy, formed Color Tile, Inc. Tandycrafts transferred the stock of CT Supermart to Color Tile, Inc. and then spun off Color Tile, Inc. to the public. General Felt Industries, Inc. purchased all of the Color Tile, Inc. stock through a leveraged buyout in 1986. General Felt Industries, Inc. then burdened Color Tile, Inc. with the debt used to purchase the Color Tile, Inc. stock. In 1988, CT Supermart was merged into Color Tile, Inc. As a result of that merger, Color Tile, Inc. was burdened by additional debt, which led the company to file for bankruptcy on January 24, 1996. After Color Tile, Inc. filed for bankruptcy protection, it rejected the leases and vacated the properties.

Meleyco sued Tandy to enforce the guaranties on July 19, 1999. Tandy moved for summary judgment, which the district court granted on August 9, 2001. The district court found that, under the guaranty agreements, Tandy agreed to guarantee CT Colorado's and CT

Oklahoma's performance. However, the district court noted that Tandy did not agree to guarantee any other entity's performance. The court also noted that the leases did not provide any language allowing the assignment or transfer of the lease obligations without Tandy's consent.

According to the court, "[w]hen CT Supermart was merged into Color Tile, Inc., an entirely different entity was effectively substituted as lessee of the properties. . . . The substitution of this entity as lessee substantially increased Tandy's risk. Because Meleyco did not or could not obtain Tandy's consent to the substitution, the guaranties were discharged." Furthermore, the district court noted that "Tandy's risk of loss drastically increased when Color Tile, Inc. became the lessee due to the fact that the company was heavily laden with debt. As a result, Tandy's risk was materially increased without its consent, and the guaranties were discharged."

Having carefully reviewed the entire record in this case, and having fully considered the parties' respective briefing on the issues in this appeal, we AFFIRM the judgment of the district court for the reasons stated in its order.

**AFFIRMED.**

3